**MURCHISON & CUMMING, LLP**
Guy R. Gruppie (SBN 155437)
Corine Zygelman (SBN 176667)
Nanette G. Reed (SBN 243552)
801 South Grand Avenue, Ninth Floor
Los Angeles, California  90017-4613
Telephone:  (213) 623-7400
Facsimile:  (213) 623-6336
E-Mail:  ggruppie@murchisonlaw.com
czygelman@murchisonlaw.com
nreed@murchisonlaw.com

Attorneys for Third-Party Defendant and Counter-Claimant, PRO-SHORE. LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY SINGER and KAREN ELAINE GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>PATENT CONSTRUCTION SYSTEMS, HARSCO CORPORATION, et al.,<br><br>Defendants.<br><br>HARSCO CORPORATION,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>PRO-SHORE, LLC, WEBCOR CONSTRUCTION, INC., and WEBCOR CONSTRUCTION, L.P.,<br><br>Third Party Defendants. | CASE NO. 2:10-CV-9707 GHK (CWx)<br><br>[PROPOSED] ORDER RE: PROTECTIVE ORDER<br><br><br>**Assigned to:**  Hon. Carla Woehrle<br>Courtroom:    640 |

1     For good cause shown, IT IS SO ORDERED that the Stipulated Protective
2 Order between all parties pertaining to Protected and Confidential Information, **as**
3 **modified by the court (see attached),** be and is hereby entered.

4
5 Dated: __1/30/12__           *Carla M. Woehrle*
                                          Honorable Carla Woehrle
6                                             United States District Judge

**MURCHISON & CUMMING, LLP**
Guy R. Gruppie (SBN 155437)
Corine Zygelman (SBN 176667)
Nanette G. Reed (SBN 243552)
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336
E-Mail: ggruppie@murchisonlaw.com
czygelman@murchisonlaw.com
nreed@murchisonlaw.com

Attorneys for Third-Party Defendant and Counter-Claimant, PRO-SHORE. LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY SINGER and KAREN ELAINE GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>PATENT CONSTRUCTION SYSTEMS, HARSCO CORPORATION, et al.,<br><br>Defendants.<br><br>HARSCO CORPORATION,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>PRO-SHORE, LLC, WEBCOR CONSTRUCTION, INC., and WEBCOR CONSTRUCTION, L.P.,<br><br>Third Party Defendants. | CASE NO. 2:10-CV-9707 GHK (CWx)<br><br>**STIPULATED PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)**<br><br>[[PROPOSED] ORDER FILED CONCURRENTLY]<br><br>Assigned to: Hon. George H. King<br>Courtroom: 650<br><br>*Note changes made by Court* |

WHEREAS, third-party plaintiff, HARSCO CORPORATION, by and through its attorneys, has requested PRO-SHORE, LLC; to make available for inspection and/or copying, documents and various materials, including, but not limited to

1

2:10-CV-9707 GHK (CWx)

materials regarding the design, testing, manufacturing, marketing and assembly of Pro-Shore series PSH1116, PSH1116D and PSH1118 ledgers, and other Pro-Shore shoring equipment;

   WHEREAS, PRO-SHORE, LLC contends that some of these documents, information and other materials which have or may be requested by HARSCO CORPORATION and/or any other party to this action, including materials regarding the design, testing, manufacturing, marketing and assembly of Pro-Shore series PSH1116, PSH1116D and PSH1118 ledgers, and other Pro-Shore shoring equipment, are in whole or in part proprietary information, confidential business records, and/or trade secrets, all of which is competitively sensitive data as hereinafter defined;

   WHEREAS, PRO-SHORE, LLC requires that the confidentiality of certain documents and/or materials, and the information contained in the documents and materials, be maintained for purposes of maintaining its trade secrets, product protection and protection of its business operations;

   WHEREAS, plaintiffs, defendants, third-party plaintiffs, third-party defendants, and their attorneys have agreed to comply with the letter and intent of said confidentiality with regards to the documents and materials requested of PRO-SHORE, LLC by HARSCO CORPORATION and its attorneys, as well as any other documents requested during the litigation which are in whole or in part proprietary information, confidential business records and/or trade secrets, all of which is competitively sensitive data as hereinafter defined;

   WHEREAS, other parties may also have to produce confidential documents; and

   WHEREAS, all parties realize that the discovery of relevant documents and materials requested in the Request for Production would be reasonable, and that PRO-SHORE, LLC contends in good faith that its proprietary interests are real, the parties have agreed to stipulate to the confidentiality and non-dissemination of those records as follows:

1.   At such time as any party delivers to any other party or its attorneys any documents or materials by way of early disclosures, or discovery in this case, or divulges any documents or materials or any information contained therein, the producing party shall designate as "CONFIDENTIAL" any such documents, materials, or information it claims to constitute or contain trade secrets or confidential business information.

2.   For the purposes of this action, the term "CONFIDENTIAL" shall be limited to information which constitutes proprietary business information about PRO-SHORE, LLC's business, products, practices, or procedures which:

   a.   is not generally available to others in the media or public;
   b.   is not readily determinable from other sources;
   c.   has been treated as confidential by a party; and
   d.   is reasonably likely to lead to competitive injury if disclosed.

All parties shall use good faith in marking as "CONFIDENTIAL" only those documents which contain confidential information. Documents or materials that concern, reflect, embody or constitute the foregoing may include, but shall not be limited to, correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, accident reports, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto whether produced as hard copy, computer diskette, CD-ROM or otherwise.

3.   Documents and materials deemed "CONFIDENTIAL" shall be so designated by prominent markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. If the parties or their attorneys require more than one copy of any "CONFIDENTIAL" document or material produced pursuant to this Protective Order, they must ensure that each copy is made with the original red marking designating the confidentiality of the document and/or material and the information contained therein. The parties and their attorneys

shall limit the number of copies to that which is absolutely necessary to adequately prepare their cases and shall ensure that copies are returned to counsel for the parties and that unnecessary copies are destroyed. Any and all copies shall be treated in accordance with the terms of this Protective Order.

4. All documents and materials designated as "CONFIDENTIAL" pursuant to paragraph 2 of this Protective Order shall be used only in connection with pretrial proceedings, preparation for trial, trial, or other associated proceedings in this litigation and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Protective Order.

5. Access to documents, materials, or information produced or disclosed in this action by the parties and designated as "CONFIDENTIAL" by the parties, or information derived from them, including any copies, recordings, disks, prints, negatives, extracts or summaries of the contents or substance thereof, shall be restricted and shall not be shown, or the contents or existence thereof otherwise divulged, to any entity or person except:

    a. In-house and outside counsel for the parties and the personnel who are directly employed by those attorneys and are assisting counsel in handling of this litigation;

    b. Those employees of the parties whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render effective assistance;

    c. Experts or consultants retained by the parties in connection with this action;

    d. The court and court personnel, including stenographic reporters engaged in such proceedings, where incident to the preparation of this case for trial or the trial of this action;

    e. Such other persons as the parties shall agree to in writing, or the court shall determine after a hearing.

1  6. Each qualified person described in subparagraphs (b), (c), or (e) of the
2  preceding paragraph to whom "protected documents" or "confidential materials" are
3  furnished, shown, or disclosed shall first be presented by the disclosing party with a
4  copy of this Protective Order. All such persons shall be bound by the terms of this
5  Protective Order and, after reading the Protective Order, shall sign an
6  "Acknowledgment of Protective Order" attached hereto as **EXHIBIT A**. Counsel for
7  the parties shall retain a signed copy of the "Acknowledgment of Protective Order"
8  for each such individual being provided access to documents designated
9  "CONFIDENTIAL" until the conclusion of this litigation, at which point a copy of
10 each "Acknowledgment of Protective Order" shall be provided to counsel for the
11 party. The qualified persons shall use that information only for purposes of this
12 litigation and shall not give, show, divulge, or otherwise permit disclosure of any of
13 the documents, materials, or information produced by a party which are designated
14 "CONFIDENTIAL" or the content, substance, or facts of existence of any such
15 record to any other person or entity.
16 7. All sections of any transcripts, depositions, exhibits, or other pleadings
17 or filings in this action which contain or otherwise set forth documents, information,
18 or other materials or the contents thereof, which had been previously designated by a
19 party as "CONFIDENTIAL" shall likewise be subject to the terms of this Protective
20 Order. If Any such sections of any transcripts, depositions, exhibits, pleadings, or other
21 such documents or materials containing such confidential information ~~which are filed~~ submitted for filing with the court, the submitting party
22 ~~with the court shall be filed in sealed envelopes or other sealed containers which shall~~ may apply to file the documents under seal in
23 ~~bear the caption of this action, an indication of the nature of the content of such~~ accordance with Local Rule 79-5
24 ~~sealed envelope or container, the words "Confidential – Subject to Protective Order"~~
25 ~~and a statement substantially stating that the envelope or container is not to be opened~~
26 ~~or the contents thereof to be displayed or revealed except by express order of the~~
27 ~~court.~~
28

By CW

5                                       2:10-CV-9707 GHK (CWx)

8. The parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by any party.

9. Nothing within this Protective Order prohibits any party from using documents designated "CONFIDENTIAL" as exhibits at the time of trial. However, this agreement shall not be construed to waive any relevant objections applicable under the Federal Rules of Civil Procedure, the Federal Rules of Evidence or any other applicable law.

10. Any party claiming that information designated "CONFIDENTIAL" has been in the possession of said party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information and all documents and/or materials which are subject of dispute on this basis shall be submitted under seal to the court for an in-camera review pending determination on the merits of such contention.

11. Any other party in this litigation, hereafter added, shall be bound by the terms of this Protective Order.

12. Upon conclusion of this action, by settlement or otherwise, any documents or other materials produced by a party which are subject to this Protective Order, including any and all copies, recordings, prints, disks, negatives, or summaries thereof, shall remain confidential and shall continue to be protected in accordance with the terms of this Protective Order. In addition, all copies of any documents or materials produced by a party which are subject to this Protective Order shall be returned to counsel for the producing party upon the conclusion of this action by settlement or otherwise.

13. Nothing in the order of this court should be construed to prevent any party or non-party from agreeing to a modification of its terms with court approval. Furthermore, any party or non-party to this agreement may apply to the court for a modification of this order.

14. If any party seeks a modification of this order or if any party challenges the designation by any other party of a document as "CONFIDENTIAL," then the party shall notify the court and all counsel of record in writing of the nature and scope of the proposed modification, and the identity of any documents or other materials which the party contends should not fall within the scope of this Protective Order, notwithstanding any designation by a party pursuant to paragraph 2 of this Stipulation. *[Handwritten insertion, initialed "By CW": The party seeking to maintain the confidential designation on any basis shall bear the burden of establishing good cause for protection.]*

15. Within thirty (30) days of receiving written notice from any party proposing a modification of this Stipulation, a party may apply to the court for an order that the modification not be had and, where applicable, that the documents or other materials identified retain their designation "CONFIDENTIAL" pursuant to this Stipulation. If no application is made to the court within the time provided, then the modification as proposed by the party challenging the designation will be deemed to be stipulated to by all parties and an appropriate order shall be submitted to the court for approval.

16. This order may be modified by the court *sua sponte* after affording the parties and any affected non-party an opportunity to be heard.

17. This order shall survive the termination of this action. The court shall retain jurisdiction over the parties, counsel for the parties, and any non-parties to whom confidential information was provided for the purpose of enforcing this order.

Dated: 1/19/12

Olivo & Associates

By: *[signature]*
Eduardo Olivo,
Attorneys for Plaintiff DANNY SINGER and
KAREN E. GONZALEZ